FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/27/2025 1:18 PM
BERNICE A. RAMOS
CLERK OF THE COURT
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

BERTHA LOPEZ

    Plaintiff,

v.

    Cause No. D-307-CV-2025-02305

    Fitch, Casey B.

SHAMROCK FOODS COMPANY D/B/A
SHAMROCK FOODSERVICE WAREHOUSE

    Defendant

## COMPLAINT

COMES NOW Plaintiff Bertha Lopez, by and through the undersigned counsel, and for her Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a natural person who resides in Doña Ana County, New Mexico.

2. Defendant Shamrock Foods Company d/b/a Shamrock Foodservice Warehouse (hereinafter simply "Defendant" or "Shamrock Foods") is a foreign for-profit corporation, formed in Arizona, and authorized to conduct business in Doña Ana County, New Mexico. Defendant may be served with process through its registered agent, The Corporation Company at 726 E. Michigan, Ste. 330, Hobbs, New Mexico 88240.

3. At the time of the incident, Defendant owned, leased, operated, and/or managed the property located at 2489 N. Main Street, Las Cruces, New Mexico 88001.

4. The fall which gives rise to Plaintiff's claims hereunder occurred in the County of Doña Ana, New Mexico, at the foregoing location.

5. The Court has jurisdiction over the parties and the subject matter of this action.

6. Venue is proper in this Court.

1

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Plaintiff incorporates by reference the previous paragraphs as though fully stated and realleged herein.

8. Plaintiff's claims arise out of an injury that occurred on or about August 3, 2025.

9. At the time of injury, Plaintiff was a business invitee patronizing Defendant's business located at 2489 N. Main Street, Las Cruces, New Mexico 88001.

10. Defendant had a non-delegable duty to maintain the premises in a reasonably safe condition for use by foreseeable visitors and invitees such as Plaintiff.

11. Despite the foregoing, Defendant negligently and/or recklessly permitted a slippery substance—believed to be juices from a chicken—to reside near the cash register.

12. Suddenly, and without warning, Plaintiff slipped on the substance and fell, resulting in serious, lasting injuries.

13. Defendant failed to place any warning signs or any other indicators to put Plaintiff on notice of the dangerous condition that was otherwise unknown to Plaintiff.

14. Due to the proximity of the substance to a cash register where customers bring all grocery items, and where Defendant's employee would regularly be expected, Defendant knew, or should have known, of the substance on the ground, yet it recklessly failed to correct the dangerous condition.

15. All foregoing facts are likewise pleaded as against Defendant's employees and/or agents, whose negligence is imputed to the Defendant itself as the employing/managing entity with ultimate control over the mechanism of injury.

16. Plaintiff suffered great personal injuries as a direct and proximate result of the incident.

## CAUSES OF ACTION:

### I. NEGLIGENCE

17. Plaintiff incorporates by reference the previous paragraphs as though fully stated and realleged herein.

18. Defendant directly knew, or should have known, of the dangerous condition of the slippery substance that caused Plaintiff's injuries.

19. Defendant owed a duty to ensure the safety of its business invitees and visitors, like the Plaintiff, who would foreseeably be expected to walk through the area containing the dangerous condition at issue in this case.

20. Defendant owed a duty to hire, train, and retain competent staff sufficient to ensure proper cleanliness and safety for its invitees and visitors.

21. Defendant owed a duty to warn its invitees and visitors of dangers in areas where customers would be expected to walk.

22. Defendant breached its duties owed to the Plaintiff both directly, and as vicariously liable entities, due to the negligence of employees, agents, and/or contractors under the theory of respondeat superior.

23. Defendant, its employees, agents, and/or contractors, breached these duties in the following ways:

    a. By failing to safely and properly maintain the premises;

    b. By failing to safely and properly maintain high-volume areas;

    c. By failing to safely and properly maintain the area where Plaintiff fell;

    d. By failing to properly hire, train, and retain competent employees and agents;

    e. By failing to properly follow procedures and industry custom; and

   f. By violating applicable local, state, and federal laws and/or regulations.

24. Defendant and Defendant's employees, agents, and/or contractors otherwise breached their duty to Plaintiff for all other negligent acts and omissions to be discovered.

25. Plaintiff suffered serious injuries as a direct and proximate result of the foregoing acts and omissions.

## DAMAGES

26. Plaintiff incorporates by reference the previous paragraphs as though fully stated and realleged herein.

27. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff suffered permanent injuries and is entitled to recover the following damages:

  a. Past and future medical expenses;

  b. Past and future pain, suffering and mental anguish;

  c. Past and future physical impairment;

  d. Past and future physical disfigurement;

  e. Damages sufficient to punish Defendant for its reckless misconduct and sufficient to discourage future behaviors of similarly situated entities; and

  f. Past lost wages and future loss of earning capacity.

28. Plaintiff is requesting a punitive damages award.

29. Plaintiff is requesting damages in an amount sufficient to compensate her for her pain and suffering, and for all injuries directly and proximately caused by Defendant's negligence.

## PRAYER

WHEREFORE Plaintiff respectfully requests relief from the Court as follows:

1. For Judgment of the Court against Defendant in an amount sufficient to compensate Plaintiff for her pain and suffering, and for all injuries suffered as a result of the fall due to Defendant's negligence complained of herein.

2. For an award of pre-judgment interest on all sums determined to be due Plaintiff from the date of the Complaint until the date paid in full.

3. For all of Plaintiff's costs incurred herein to be reimbursed by Defendant.

4. For punitive damages.

5. For all such other and additional relief as the Court may deem appropriate in these circumstances.

Respectfully submitted,

**Daspit Law Firm**

By: */s/ Luke M. Hartwick*
Luke M. Hartwick (CAID: 24/137)
124 W. Capitol Ave., Ste. 1820
Little Rock, Arkansas 72201
Telephone: (501) 512-0367
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
Email: LHartwick@daspitlaw.com

***Attorney for the Plaintiff***